NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE DEPENDENCY AS TO L.G.

No. 1 CA-JV 26-0098
FILED 8-11-2026

Appeal from the Superior Court in Maricopa County
No. JD45335
The Honorable Glenn Allen, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Phoenix
*Counsel for Appellant Father*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge Andrew J. Becke delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

**B E C K E**, Judge:

¶1 Father appeals the superior court's order finding his child
L.G. dependent as to him. For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 Father and Mother adopted L.G., who has special needs, when she was around two years old. After her adoption, L.G. lived with Father, Mother, and a sibling in Florida.

¶3 When L.G. was 5 years old, Florida police learned of concerning text messages that Mother had sent regarding possible sexual abuse of L.G. by Father. In May 2023, after a police investigation including a forensic interview with L.G., Father was arrested and charged with sexual battery on a child less than 12.

¶4 Mother then moved to Arizona with L.G. Because L.G.'s age and special needs prevented her from testifying, in October 2024, the Florida State Attorney's Office dismissed the charges. Father was then released from custody and did not travel to Arizona or see L.G. after his release.

¶5 In September 2025, Mother passed away and DCS took L.G. into custody.

¶6 DCS filed a dependency petition in October 2025, alleging that L.G. was dependent as to Father on abuse or neglect grounds due to the sexual battery charge in Florida. A trial was held over three days, and testimony was taken from: the DCS investigator, the case aide, the psychologist, the DCS ongoing specialist, L.G.'s aunt, L.G's uncle, and Father.

¶7 The DCS investigator testified that she reviewed a Florida forensic interview of L.G. and recalled the disclosures that L.G. made during that interview. Father cross-examined the DCS investigator on L.G.'s statement in October 2025 that she had not been inappropriately touched. Father asked about how L.G.'s diagnoses and age could have impacted her answers.

¶8 DCS and Father offered twenty-one exhibits, which had been disclosed pretrial without objection. Each of the exhibits was admitted, including a Florida police report. During trial, Father objected to the report because DCS was not calling a custodian of records to lay foundation. The court admitted it, however, over Father's objection.

¶9          The superior court adjudicated L.G. dependent, finding that "[w]hile [F]ather vehemently denies any allegations and has not been convicted of any crime, the Court finds by a preponderance of evidence that the child suffered sexual abuse by [F]ather."

¶10         Father timely appealed. We have jurisdiction under A.R.S. §§ 8-235(A), 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶11         Father argues that the superior court erred in admitting the Florida police report. He also argues that the superior court erred in admitting L.G.'s statements during the forensic interview, whether through testimony or other exhibits. He argues that the exhibits and testimony should not have been admitted due to A.R.S. § 8-237, which states:

> The out-of-court statements or nonverbal conduct of a minor regarding acts of abuse or neglect perpetrated on the minor are admissible for all purposes in any adoption, dependency, termination of parental rights or guardianship proceeding under this title if the time, content and circumstances of such a statement or nonverbal conduct provide sufficient indication of its reliability.

Father argues that nothing in the record indicated that the time, content, and circumstances of L.G.'s forensic interview statement provided a sufficient indication of its reliability.

¶12         We review a dependency adjudication for an abuse of discretion, "deferring to the [superior] court's ability to weigh and analyze the evidence." *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 13 (App. 2016). "We will only disturb a dependency adjudication if no reasonable evidence supports it." *Id.*

## I.    Father Waived the Issue of the Admission of L.G.'s Forensic Interview.

¶13         If a party objects to the admission of an exhibit listed in a pretrial disclosure, they "must file a notice of objection stating the specific grounds for each objection . . . . A party waives specific objections or grounds not identified in the notice of objection." Ariz. R.P. Juv. Ct. 315(d)(1)(E).

3

¶14 Here, DCS timely filed its initial disclosure statement, which included all exhibits admitted at trial. *See* Ariz. R.P. Juv. Ct. 315(d)(1) ("[T]he parties must file pretrial disclosure statements containing the following information no later than 30 days prior to the contested adjudication . . . ."). Father did not file a written notice of objection to any of DCS's disclosures, so his objections are waived. Ariz. R.P. Juv. Ct. 315(d)(1)(E); *Alice M. v. Dep't of Child Safety*, 237 Ariz. 70, 72–73, ¶¶ 9–11 (App. 2015) (holding an objection was precluded when a written notice of objection was not filed).

¶15 Regarding the admission of testimony, Father did not object at trial when the DCS investigator, the first witness called, testified to her understanding of L.G.'s forensic interview disclosures. The DCS investigator testified in detail about the disclosure. Father's failure to object results in the waiver of his argument on appeal. *Dillig v. Fisher*, 142 Ariz. 47, 51 (App. 1984).

## II. The Superior Court Did Not Err in Admitting the Forensic Interview Disclosures.

¶16 Father argues that despite waiver of his objections, the admission of the forensic interview disclosures was fundamental, prejudicial error. *See Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 94, ¶ 22 (App. 2005) (if no objection was made, we review for fundamental error).

¶17 The superior court has "broad discretion in admitting or excluding evidence, and we will not disturb its decision absent a clear abuse of its discretion and resulting prejudice." *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 82–83, ¶ 19 (App. 2005). When determining whether error was fundamental, prejudicial error, we first must determine whether trial error exists. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). Only if error exists must we determine if it was fundamental. *See id.*

¶18 Father contends that Florida's dismissal of the charges supports that the forensic interview disclosures did not have a sufficient indication of reliability as required by A.R.S. § 8-237. However, a criminal case and a dependency adjudication have different burdens of proof. A criminal case must be proven beyond a reasonable doubt, *In re Winship*, 397 U.S. 358, 364 (1970), while a dependency adjudication must be proven by a preponderance of the evidence, *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 490, ¶ 23 (App. 2015). Thus, the quantum of evidence necessary to prove a dependency adjudication is different from what is needed to prove a criminal case. Additionally, the superior court has broad discretion in

admitting evidence, *Lashonda M.*, 210 Ariz. at 82–83, ¶ 19, and is not bound by a determination of the Florida State Attorney's Office.

**¶19** Parents may "challenge and test the reliability of statements" through the Arizona Rules of Evidence, such as admission of the declarant's inconsistent statements or conduct, Ariz. R. Evid. 806; *Dep't of Child Safety v. Beene*, 235 Ariz. 300, 307, ¶ 17 (App. 2014). "Such efforts can take various forms such as contrary testimony as well as cross-examination of other witnesses about statements attributed to the children, including authors of documents containing such statements." *Id.*

**¶20** Father did that here by cross-examining the DCS investigator on L.G.'s statement, two years after her forensic interview, that she was not touched inappropriately. The superior court was within its discretion to admit the forensic interview disclosures despite the inconsistent statement, *Lashonda M.*, 210 Ariz. at 82–83, ¶ 19, and we will not reweigh the evidence on appeal. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002). Father fails to show error, fundamental or otherwise.

## CONCLUSION

**¶21** The superior court did not err in admitting the Florida police report or in admitting testimony regarding L.G.'s disclosures during a forensic interview. We affirm.

